﻿Citation Nr: AXXXXXXXX
Decision Date: 01/22/19 Archive Date: 01/22/19

DOCKET NO. 181112-859
DATE: January 22, 2019

ORDER

Entitlement to a disability rating in excess of 40 percent for service-connected low back disability from February 15, 2008 is denied. 

FINDING OF FACT

During the entire appellate period, the preponderance of the evidence shows that the Veteran’s low back disability has not resulted in unfavorable ankylosis of the entire thoracolumbar spine, or incapacitating episodes having a total duration of at least six weeks during the past 12 months. 

CONCLUSION OF LAW

The criteria for a disability rating in excess of 40 percent for low back disability have not been met or approximated. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.3, 4.7, 4.71a, Diagnostic Code 5010-5242.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from December 1975 to December 1995. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2015 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). On the same day, the Board issued a decision regarding this issue stemming from an earlier rating decision. The RO continued processing of the appeal from the later rating decision, and completing additional development, to include obtaining a new VA examination, and the Veteran perfected this appeal. On this procedural history, the Board finds that the only time period for its review is regarding the development completed after the Board’s prior decision.

In documents, however, it is clear that the Veteran’s main area of contention is regarding the combined rating and the amount of payment received. These aspects of the appeal have not been developed for appellate review and are not ripe for consideration for review by the Board. The Veteran and his representative are advised to contact the RO regarding any outstanding issues in this regard.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. See Veteran’s May 25, 2018 Correspondence. This decision has been written consistent with the new AMA framework.

Generally, disability evaluations are determined by the application of a schedule of ratings which is based, as far as can practically be determined, on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated on the basis of specific criteria identified by Diagnostic Codes. 38 C.F.R. § 4.27. Where there is a question as to which of two evaluations shall be applied, the higher evaluations will be assigned if the disability more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The degrees of disability specified are considered adequate to compensate for a loss of working time proportionate to the severity of the disability. 38 C.F.R. § 4.1. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

In deciding the Veteran’s increased evaluation claim, the Board has considered the determinations in Fenderson v. West, 12 Vet. App. 119 (1999) and Hart v. Mansfield, 21 Vet. App. 505 (2007), and whether the Veteran is entitled to an increased evaluation for separate periods based on the facts found during the appeal period. In Fenderson, the Court discussed the concept of the “staging” of ratings, finding that, in cases where an initially assigned disability evaluation has been disagreed with, it was possible for a Veteran to be awarded separate percentage evaluations for separate periods based on the facts found during the appeal period. Id. at 126. Hart extended Fenderson to all increased evaluation claims.

When evaluating any musculoskeletal disability based upon a range of motion, consideration is given to the degree of any additional limitation upon motion due to functional loss. DeLuca v. Brown, 8 Vet. App. 202, 204–07 (1995). This includes the analysis of additional functional impairment above and beyond the limitation of motion objectively demonstrated involving such factors as painful motion, weakness, incoordination, and fatigability, etc., particularly during times when these symptoms “flare up,” such as during prolonged use, and assuming these factors are not already contemplated in the governing rating criteria. Id.; see also 38 C.F.R. §§ 4.40, 4.45, 4.59.

The Veteran’s low back disability is rated under 38 C.F.R. § 4.71a, Diagnostic Code 5242, which provides for the assignment of a 40 percent rating for forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine; or, unfavorable ankylosis of the entire cervical spine. A 50 percent rating requires unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent rating may be assigned due to unfavorable ankylosis of the entire spine. 

The General Rating Formula also provides at Note (1) that any associated objective neurologic abnormalities should be separately evaluated under an appropriate diagnostic code.

Note (5) provides that for VA compensation purposes, unfavorable ankylosis is a condition in which the entire thoracolumbar spine, or the entire spine is fixed in flexion or extension, and the ankylosis results in one or more of the following: difficulty walking because of a limited line of vision; restricted opening of the mouth and chewing; breathing limited to diaphragmatic respiration; gastrointestinal symptoms due to pressure of the costal margin on the abdomen; dyspnea or dysphagia; atlantoaxial or cervical subluxation or dislocation; or neurologic symptoms due to nerve root stretching. Fixation of a spinal segment in neutral position (0 degrees) always represents favorable ankylosis. 

Under the Formula for Rating Intervertebral Disc Syndrome (IVDS) based on Incapacitating Episodes, a 40 percent rating is warranted for incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months. A maximum 60 percent rating requires incapacitating episodes having a total duration of at least six weeks during the past 12 months. 38 C.F.R. § 4.71a, Diagnostic Code 5243.

In a July 2015 VA examination, the examiner found no IVDS of the thoracolumbar spine. The examiner noted functional loss due to less movement than normal, weakened movement, pain on movement as well as interference with sitting, standing and/or weight-bearing. The examination was silent as to any finding of ankylosis of the entire thoracolumbar spine. The examiner found radiculopathy of the lower extremities, and no other objective neurologic abnormalities. The radiculopathy was evaluated as mild. Neither the evidence of record nor the Veteran’s assert a basis for higher ratings than currently assigned to this objective neurologic abnormalities under Note (1).

On review of the record, the Board finds that the disability picture presented by the Veteran’s low back disability warrants a 40 percent rating, but no higher, for the entire appellate period. 38 C.F.R. § 4.71a, Diagnostic Code 5242. Specifically, the VA examinations and the Veteran’s medical treatment records indicate no findings of unfavorable ankylosis of the entire thoracolumbar spine. Therefore, the Veteran does not meet the requirement of a 50 percent disability rating under Diagnostic Code 5242. When applying the specific applicable criteria, there is no period during which the preponderance of the evidence shows that a higher rating is warranted for the Veteran’s low back disability.

Under the IVDS Formula, a 60 percent disability rating may be assigned for incapacitating episodes having a total duration of at least six weeks during the past 12 months. The Board finds that the evidence of record indicates that the Veteran did not have any incapacitating episodes and thus a 60 percent disability rating under the IVDS Formula is not warranted. 

In conclusion, the Board finds that the evidence is not in equipoise, so the benefit-of-the-doubt rule does not apply. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, the Veteran’s claim for a disability rating in excess of 40 percent for service-connected low back disability from February 15, 2008 is denied. 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Robinson, Associate Counsel